Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 5740 | DATE | 4/1/2011 |
| CASE TITLE | Green vs. Village of Yorkville, et al. | | |

**DOCKET ENTRY TEXT**

Motion to Dismiss for Failure to Prosecute [44] is granted. The case is dismissed with prejudice.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendant City of Yorkville's Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons the Motion is granted.

Under Rule 41(b), a defendant may move to dismiss the action if the plaintiff fails to prosecute the case or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41(b) is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Banco Del Atlantico, S.A. v. Woods Indus. Inc., 519 F.3d 350, 354 (7th Cir. 2008) (citing Webber v. Eye Corp., 721 F.2d 1067 (7th Cir.1983)). In deciding whether to dismiss a case for failure to prosecute, the Court considers numerous factors including: 1) the frequency and magnitude of the plaintiff's failure to comply with court deadlines; (2) the effect of these failures on the court's time and schedules; (3) the prejudice to other litigants; (4) and the possible merits of the plaintiff's suit. Williams v. Chi. Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998) (citing Ball v. City of Chi., 2 F.3d 752, 759-60 (7th Cir. 1993)).

The Court has a "significant interest in maintaining the integrity of its calendar" and mitigates the "scourge of litigation delays by setting deadlines to force parties and their attorneys to be diligent in prosecuting their cause of action." Raymond v. Ameritech Corp., 442 F.3d 600, 606-07 (7th Cir. 2006) (citations omitted). Further, judges have the "right to assume that deadlines will be honored." Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996). Here, Plaintiff failed to honor the Court's deadlines. Specifically, the Court set a briefing schedule and required Plaintiff to respond to the Motion to Dismiss Second Amended Complaint by October 9, 2009. Minute Order, Sept. 16, 2009. Plaintiff filed his untimely Response on November 20, 2009, resulting in Defendant filing a Motion to Strike Plaintiff's Response. The Court acknowledged that Plaintiff failed to comply with the briefing schedule, but nonetheless allowed the Response to stand. Minute Order, Nov. 23, 2009. On December 3, 2009, Plaintiff was admonished to comply with the Court's deadlines. Minute Order, Dec. 3, 2009. Plaintiff, however, continued to disregard the Court's deadlines and orders.

## STATEMENT

On April 2, 2010, Defendant served Plaintiff Interrogatories and a Request for the Production of Documents. He failed to answer Defendant's discovery requests. The Court entered an order on September 3, 2010, requiring plaintiff to comply with the outstanding discovery request by October 1, 2010. Minute Order, Sept. 3, 2010. To date, Plaintiff, in violation of the Court's order, has not answered the discovery requests. Further, this Motion was filed on October 29, 2010, and four months went by until Plaintiff responded to the Motion. On November 12, 2010, Plaintiff's then counsel withdrew from the case. The Court then required Plaintiff to file a pro se appearance or to employ new counsel in his stead by December 17, 2010. Plaintiff failed to comply; no appearance, pro se or by counsel, was filed until February 4, 2011. Additionally, it was not until February 4, 2011, well over two years since Plaintiff initiated this case, that he complied with Rule 26 required disclosures. To make matters worse for Plaintiff, in the approximate 2.5 years this case has been pending, he has not effected service on the individual defendant officers, and had not initiated discovery of his own until February 2011.

There is a clear record of the Plaintiff or his attorney's repeated dilatory conduct. Plaintiff repeatedly disregarded the Court's orders and deadlines and wasted the Court's time and resources despite having been admonished to comply with the Court's deadlines. Plaintiff's pattern of delay and contumacious conduct has disrupted the Court's calendar to the prejudice of other litigants. Finally, Plaintiff's Monell claim is based on allegations that Defendant violated his constitutional rights through implementation of custom, policy, or official acts when it knowingly "failed to take the appropriate corrective action against the Defendants, Sgt. Klingel and Officers Mikolasek, Kolowski, and Carlyle, and other Yorkville police officers who are guilty of using excessive force"; "failed to conduct adequate investigations"; and "refused to take disciplinary action or corrective measures" against the aforementioned officers. Second Am. Compl. ¶¶ 46-52. Monell claims that do not involve allegations that the "municipal action itself violated federal law, or directed or authorized the deprivation of federal rights, present much more difficult problems of proof." Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 406 (1997). "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation . . . ." Id. at 406-07. Thus, a plaintiff must demonstrate that the "municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Id. at 407; see also Montaño v. City of Chi., 525 F.3d 558, 570 (7th Cir. 2008). Deliberate indifference is a "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Brown, 520 U.S. at 410. Moreover, "[a] plaintiff that faults a municipality's inaction must show that there is an 'extremely high degree' of municipal culpability." Sims v. Mulcahy, 902 F.2d 524, 543 (7th Cir. 1990) (quoting Lenard v. Argento, 699 F.2d 874, 885 (7th Cir.1983)). Plaintiff's possibility of success on the merits is therefore slim. In considering these factors, dismissal pursuant to Rule 41(b) is appropriate.

Plaintiff, however, contends that "[w]hile Plaintiff's original counsel may have been 'dilatory and lax in all aspects of the prosecution of the case,' Plaintiff took the initiative and retained new counsel, who . . . has demonstrated a desire to promptly proceed with this litigation." Resp. to Mot. to Dismiss for Failure to Prosecute ¶ 6 (quoting Def.'s Mot. to Dismiss for Failure to Prosecute ¶ 6). This argument does not excuse Plaintiff's repeated disregard for the Courts orders and deadlines. See Martinez v. City of Chi., 499 F.3d 721, 728 (7th Cir. 2007) ("[A]ttorneys are expected to exercise diligence in monitoring the disposition of their cases." (alteration in original) (quoting DeRango v. United States, 864 F.2d 520, 523 (7th Cir. 1988))); see also Ball, 2 F.3d at 756 ("[D]ismissal for failure to prosecute is an appropriate sanction for lawyers' delays and defaults even if the plaintiff is blameless; the sins of the agent can be visited upon the principal." (citations omitted)). Plaintiff has failed to prosecute his case; he has failed to comply with the Federal Rules of Civil Procedure, and there is both a clear record of delay and contumacious conduct. Accordingly, the Motion is granted.

IT IS SO ORDERED.